UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,
Plaintiff,

v.

CIVIL ACTION
NO. 04-10617-DPW

RICHARD DAY CONSTRUCTION,
Defendant.

### DEFAULT JUDGMENT

WOODLOCK, District Judge

Defendant RICHARD DAY CONSTRUCTION, having failed to plead or otherwise defend in this action and its default having been entered,

Now, upon application of plaintiff and affidavits demonstrating that defendant owes plaintiff the sum of $17,231.84; that defendant is not an infant or incompetent person or in the military service of the United States, and that plaintiff has incurred costs in the sum of $150.00 filing fee, it is hereby

ORDERED, ADJUDGED AND DECREED that plaintiff UNITED STATES OF AMERICA, recover from defendant RICHARD DAY CONSTRUCTION the sum of $17,231.84, plus $150 costs, for a total of **$17,381.84**, with post-judgment interest as provided by law*.

By the Court,

/s/ Rebecca Greenberg
Deputy Clerk

Dated: July 1, 2004

*The post-judgment interest rate, based on the weekly average of One Year Constant Maturity Treasury Yield as published by the Board of Governors of the Federal Reserve System - 28 U.S.C. §1961), for the week ending June 25, 2004, is **2.16%**.



AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF     MASSACHUSETTS

UNITED STATES OF AMERICA

V.

RICHARD DAY CONSTRUCTION

EXHIBIT B

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:

1: 04-cv-10617-DPW

TO: RICHARD DAY CONSTRUCTION
     Richard Day
     72I Street
     Bradford, MA 01835

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
  Please see Attachment A

| PLACE | DATE AND TIME |
|---|---|
| U.S. Attorney's Office, Financial Litigation Unit, One Courthouse Way, Boston, MA 02210 | 02-18-2005 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Christopher R. Donato, Assistant U.S. Attorney (Plaintiff) *[signature]* | 1/28/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christopher R. Donato, U.S. Attorney's Office, Financial Litigation Unit
One Courthouse Way, Suite 9200, Boston, MA 02210     617-748-3288

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

This form was electronically produced by Elite Federal Forms, Inc.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | January 28, 2005 | 72 I Street, Bradford, MA |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Richard Day Construction | Fed Ex |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Nancy M. Rojas | Litigation Case Manager |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  1/28/05
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER  1 Courthouse Way, Suite 9200
Boston, MA 02210

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, The court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

( RICHARD DAY - RICHARD DAY CONSTRUCTION )

Attachment A

Provide the following:

A. All records relating to assets which you own in your name.

B. All records relating to assets over which you exert control and/or from which you derive benefit, whether in your name or in the name of any other individual, trust, corporation, partnership or any other type of entity.

C. All records relating to any transfers of assets of a value greater that $5,000 in the aggregate, from you or your company to or from third parties, including gifts and loans during the past five years.

D. All financial records which document all sources of personal income and expenses generated in your company's name, your name, your spouse's name, or other entity over which you exert control or from which you derive benefit during the past five years.

E. Business records of all entities over which you exert control or from which you derive benefits during the past five years.

The records responsive to A through E would include, but not be limited to:

1. All financial account statements, including checking, savings, money market, certificate of deposit, brokerage and retirement accounts.

2. Real estate records including deeds, valuations, mortgages, loans, mortgage applications and related attachments and correspondence.

3. All loan documents including loan applications, attachments to the applications, correspondence, and notes.

4. All tax forms, including individual income, gift and estate, corporate, partnership, and trust tax forms, filed with federal and state taxing authorities during the past five years.

5. Books of original entry, general ledgers, trial balances, financial statements, articles of incorporation and yearly filings with Secretary of State, minutes of meetings, bank account records, trust declarations.

6. Automobile records including title, purchase agreements and lease agreements.

Case 1:04-cv-10617-DPW    Document 8-4    Filed 06/13/2006    Page 4 of 4

*--Please contact this office prior to collection of records in order to streamline the process--*